UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZRELL CRAWFORD, | 1:13-CV-00424 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| FRESNO COUNTY JAIL, | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM FOR FILING A CIVIL RIGHTS ACTION |
| Respondent. | |
| | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

On March 22, 2013, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a

prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims the Fresno County Jail has failed to provide him with adequate medical care.  Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

   (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B) the final order in a proceeding under section 2255.

   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment in this matter;

3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 1, 2013**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE